21-1511 United States versus Samuel Arce Ayala at this time. Would attorney Castro-Lang please introduce himself on the record to begin. Good morning your honors for the record attorney Rafael Castro-Lang and I represent appellant Arce Ayala. Before I begin I would like to reserve two minutes for rebuttal. You may. Your honor the record in this case is clear that Arce Ayala was led to believe by his lawyer the prosecutor and the judge at the change of plea hearing that he would be credited at sentencing the 64 months 29 days he had served in his local related case. You know unfortunately a because there is a mandatory minimum of 10 years in his case by the time he was sentenced had already finished. But since we're talking about a minimum couldn't the taking account of the credit just restrict what the maximum would be so he got what he was expecting. Your honor you know in I think that's cutting the scissors real thin and making an argument that you might be able to win the case that you should lose. Every inmate your honor the most important matter in a sentence is how much time I'm gonna do. Isn't that consistent with the idea that you're now being told that the maximum is going to be take set accounting for the credit? No I think I think it's a false argument. Because he was apprised of the mandatory minimum wasn't he? With all due respect your honor. Well just just I want to answer that. If you look at the plea agreement it specifically makes reference the local cases and then it puts makes reference to United States sentencing guidelines 5G13 and 52k21. Those are two guidelines that specifically deal with credits in related cases and they contemplate and contemplate that a reduction can be made in in 5G13. It's under charge in 52k21 discharged and the 5k21 departs said the judge can depart downward. I don't think you answered my question. Was he apprised of the mandatory minimum? Is there an indication at the time of the plea he knew about the mandatory minimum? Yes of course he knew about the mandatory minimums that this he's not a lawyer. He he's not a lawyer. He and he the whole motions even the law his lawyer court-appointed lawyer acknowledges that throughout the whole proceeding that what he was expected and what his lawyer told him was that the judge could go below the the government's argument that oh that time was already taken into account when we both recommended 120 months. If you look at at the sentencing transcript appendix 187 Judge Pesosa never states I have taken into account the 60 months 29 days that you deserve a reduction and that has been taken into account when I have imposed the 120 months. Now what did he do? Impose an illegal concurrent sentence. The case your case law is clear that once a sentence is extinguished you can't impose a concurrent sentence. So there's nothing in the record that supports the interpretation of the plea raised by the government and in fact counsel counsel excuse me counsel let me ask you this please. The court says to your client this is really in the the change of plea hearing that means Mr. Arch that whatever time you spent in the state court will be you will be you will be given credit for that time when I sentence you in this case. Now the judge says you'll get credit but the judge never explains what that credit means and my understanding is that it fell to defense counsel to explain to his client what that credit meant and defense counsel as reflected in the motion that he submits to the court is in his sentencing memorandum he's quite clear that what he understands credit to be is is quite he will he will actually be given credit for that term of imprisonment so that he will get full time credit for that 60 months of imprisonment that will actually be deducted from the sentence imposed. Then I gather that's your argument right that the judge never explained what credit meant defense counsel explained what it meant in a way that is legally incorrect and so in that sense he did not enter a knowing plea. He had a fundamental misunderstanding of what credit meant when he entered the plea. Of course he did not make a knowing voluntary plea because that reduction was the simple clause that motivated him to accept guilt and the judge reinforced my argument. My argument is reinforced by the judge when he told him when I sentence you I'm going to credit you the 64 months. Now what can a reasonable person interpret with that statement that you're going to receive 64 months reduction that's a far cry from the from what happened here that the judge without mentioning anything about the credit he promised him at the change of plea merely imposes a sentence of mandatory minimums. The judge also did the judge in the colloquy informing your client identify there being a mandatory minimum identify what identifying that there would be a mandatory minimum yes the mandatory minimums were mentioned but by the judge but by the judge yes yes I guess the difficulty is when we say it acts no because it well does the judge like judge lopez stated he was misled because that he was misled but he thought that even though there was a mandatory 10-year minimum the judge could reduce his sentence to 64 months as promised why why would he go ahead just a bit but the council just to follow up on judge barron's point this again is the court saying to your client do you understand that it's the count one the drug count by law I cannot sentence you to anything less than 10 years I mean that seems to be a clear statement of the mandatory minimum is it not well your honor again let's look let's look at section 5v13 if this if his sentence would have been undercharged the court on the 5v1.3 would have had the authority to adjust the sentence even if there was a mandatory minimum because the way they do this I have a brief and I found just today yesterday that deals with this issue even what the judge does when you have a mandatory minimum and an undercharged term in prison let's say it's 10 years you sentence him to 10 years and after you sentence him to you are just the 10 years with the amount of reduction that he should receive but that that seems to cut against you because you don't do that when there's a mandatory minimum oh when you have a mandatory minimum the judge can what he can do is credit he can't adjust below he can't go below yes they do below the mandatory minimum yes as long as they sentence what they can't do is say let's say you have a mandatory minimum of 10 and with the reduction you have eight what the judge can't say is I'm going to sentence you to eight years and forget the 10 years he says no I'm going to sentence you to 10 years he's already complied with the mandatory minimum and then he says but I'm going to adjust the sentence on the related case and what we what we want here is to achieve just sentences your honor we're not here in a game of who wins who loses these are people's lives that are behind bars okay and what is just and what what what the guidelines are meant to affect is have related sentences be taken into account and deducted when the individual is sentenced that way you avoid double jeopardy and you you also impose a sentence that is just because that time has already been taken account I mean there's some risk if you win that you get a longer sentence right I don't see any risk to this the law the law well all you're asking to get out of the thing that was misled I know but you're asking to get out of the plea right excuse me your honor I didn't hear you what you're asking to get out of the plea yes so isn't there some risk that on what what is going to happen if in fact the mandatory minimum has to be imposed theoretically what is the reason to think you're going to end up with a sentence less than the one you've got now and that all it would seem to be is that there's some risk you get more of a sentence so justice for the client it's a little bit theoretically you're right theoretically you're right but at this stage all of the defendants have pled this would be the only one I represented defendant number four and he got a plea of 3.5 but less than five kilos okay does the pez anything further nothing further thank you thank you thank you counsel at this time counsel for the government would please introduce himself on the record good morning your honor and may please the court ricardo imbert for the united states the court did not err by denying uh the defendant's motion to withdraw the plea agreement because there was no fair and just reason for to justify doing so your honor at a change of agreement the defendant was appraised by the court that it could not sentence him to anything less than 10 years as to one count and five years as to the other the court also uh advised advised the defendant that the that the guidelines were advisory explained how the guidelines work and warned warned the defendant that it could impose a sentence far more more severe than that plea agreement the defendant certified that he was not induced to plead guilty by any promise or assurance counsel excuse me that the court did not just advise him that he could impose a sentence more severe than the plea agreement he also said i could impose a sentence less severe yes your honor agreement that's that's unmistakable from the record right yes your honor and one that phrase informed the client's understanding which he insists that he's had throughout this proceeding and his own counsel confirms this that he anticipated that he would get a less severe sentence by getting credit for the discharge term of that that 64 months and the judge again only refers generally that you're going to you're going to get credit for that time that time meaning those 64 months when i sent you in this case so he's told you're going to get credit for it i have the right to impose a less severe sentence than it's been agreed to and then you have his own attorney in documents filed with the court saying that he repeatedly told his client that he would get under the agreement he would get credit for that 64 months to me i would suggest that all adds up to a client who did not enter a knowing plea in the sense that he understood what the sentencing consequences were going to be how do you how do you refute the notion that he did not enter a knowing plea under these circumstances yes your honor i'm gonna first address the part of your question which pertains to what occurred at the change of plea hearing and uh my answer would be that yes the court did also uh tell the defendant that it could impose a sentence less severe than that recommended to the parties but that is a general warning that court makes in cases of just informing the defendant about how the guidelines work more importantly the court went on to say that it could not impose a sentence of anything less than 10 years or anything less than five years as to each count and that's that's pretty forceful language as well now your honor you you also mentioned those two statements by the district court inconsistent with one another that i forget what the plea agreement number was uh no your honor i i don't think i don't was the plea agreement number higher than the mandatory minimum no your honor the the parties recommended a at the minimum right yes your honor so that's what i don't follow if he told him i can give you less than the plea agreement isn't that inconsistent with the statement i have to give you a sentence of the five and ten your honor i our position is that the government that the court when it made that specific statement was simply advised was simply notifying the defendant about how the guidelines were whatever the intention was just the literal statement if i'm listening to these two statements one i can give you less than the plea agreement if in your case the plea agreement is 120 and then i say but i can't give you less than 120 haven't i just said two irreconcilable things well your honor uh if that's true the second statement by the court in which the court appraised the defendant about the the relevant statutory minimums would have cured any misunderstanding well i think we're going to the first i think the concern is that from the perspective of the one listening to it all i know is i've been told two irreconcilable things then in addition to the two irreconcilable things i've been told i'm going to get a credit of 45 so i don't know whether that means it's hard to know what that means so doesn't that all go just to the question judge lopez is asking that given what actually transpired at sentencing it is hard to see how the defendant would have had a clear idea of what the sentence he faced would be your honor and i'd also before i address your question specifically i i'd like to mention that the defendant does not reference that statement in his opening brief and does not make any arguments as to pertain to uh the court's warning that it could impose a sentence more or less severe than that i would submit that the defendant's arguments are clear and the record is clear that if there was any misunderstanding on behalf of the defendant about how about whether he could receive a sentence credit below the minimum set the statutory minimums that was due to a misunderstanding or a misapprehension that he had prior to the change of plea colloquy he himself states multiple times that that was that was due to counsel's that that that's a fair point if the colloquy is clear but i think as we just were exploring it's a little hard to see how the colloquy is as clear as you want it to seem to us when there is that statement by the district court that it can give less than 120 months well your honor i i restate that our position is that the court's unequivocal reference that unequivocal statement that it could not sentence the defendant to anything less than as to one count in five years as to the other clearly notified the defendant that the court could not could not go below the statutory minimum is that sentence clearer than the sentence that i can give you less than the the agreement yes your honor i i believe it is and help me understand well your honor and i i'd also like to to point out that there are other ways that the sentence could be less severe than that expected by the defendant that the court could uh impose a lesser time of supervised release for example and it could uh was that part of the plea agreement your honor i cannot answer that question right now but i i'd be glad to file a 28-day motion with we can look at the document okay does the pen nothing further thank you okay thank you your honor may i make one one last point before i step down uh i referenced that any any uh misapprehension that the defendant could have had would be attributable to uh his defense counsel's faulty advice and that that uh inquiry would have to take place within the context of the of an ineffective assistance of counsel claim and the defendant would have to show prejudice prejudice which he cannot and the defendant would also need a develop record for this court to consider it excuse me counsel why wouldn't this be a case where it's unmistakable there's no question what his attorney was telling him i mean it's all over the record we we we know the attorney was telling him that you you're going that we understood that you're going to get credit for this sentence i'm sorry to interrupt mr casterling could you just take your seat while this is going on longer than we anticipated yeah yeah i understand thank you yeah uh so i'm sorry your honor i got lost there with the interruption with your question yeah i'm just saying that you know there are cases where on direct appeal we can decide ineffective assistance of counsel the attorney is confessing over and over again to the misguided advice that he gave to his client he clearly misunderstood the law he told his client he could get credit for a sentence that he could not legally get credit for so his ineffectiveness is unmistakable on this record is it not well your honor even if that's true uh the defendant cannot show that he was prejudiced uh by by his counsel's actions because he cannot he cannot demonstrate that he would have gone on to trial and in fact the record is clear that that was never his intent and that he was always looking to accept responsibility for his actions and he cannot show that he would have received a more favorable plea agreement because the only way he could do that if is if the government agrees to allow him to to plead guilty to a charge that includes a lesser drug amount and in fact he already tried to negotiate that plea on multiple on multiple multiple times and the government said no and rejected such a plea deal thereby making clear on the record that the government isn't isn't willing to offer a more favorable before you wasn't willing to offer a more favorable deal before you sit down could you just address mr casterling's point that it would be possible to give less than 120 months through the adjustment mechanism he was describing well your honor the the adjustment mechanism in this case isn't an adjustment mechanism at all it's a departure mechanism under uh section 5k 2.23 and it the law is clearly established that it it doesn't allow for uh a court to to dip below the this statutory minimum sentence and as to 5g 1.3 i believe that it's the government's position that that statute doesn't allow or shouldn't allow for that either okay thank you thank you your honor thank you counsel at this time attorney castroline would reintroduce himself on the record he has a two-minute rebuttal i'm glad they brought up the ineffective assistance i agree fully with judge that both the attorney and the palant were under the impression that that amount of time was going to be deducted he confessed to ineffective assistance the two cases cited i cited by the supreme point one with this case where counsel first did not study the criminal history and a miscalculation of a credit that the defendant was supposed to be was found to be an effective assistance of counsel here we have a huge instance of ineffective assistance that's clear on the record what is there to develop nothing so this case falls in that exception that when the record is clear this court can entertain an ineffective assistance claim but what's the prejudice with respect to the withdrawal of the play but what indicates that he would have withdrawn but for that his own statements i wouldn't have entered into a plea agreement if i had known that i wasn't going to get the 64 months i don't think we should worry about the future we have a contract here that was interpreted incorrectly by the defendant the judge the judge also made some comments that supported his interpretation of the plea when the judge sentenced him he never made reference to the 64 months credit to justify the government's position that oh when he got to 10 years the judge was already taking into account the 64 months so i i i believe this is a clear-cut case that the court should set aside the judgment the change the plea and the plea agreement and the plea agreement and remand before a different judge your honor thank you thank you thank you counsel that concludes argument in this case